**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | |
|---|---|
| **NEWREZ LLC d/b/a SHELLPOINT MORTGAGE SERVICING,** ) ) ) **Plaintiff,** ) ) v. ) ) **DEAN C. PLASKETT and THE DEPARTMENT OF JUSTICE OF THE UNITED STATES,** ) ) ) ) ) **Defendants.** ) ) | Civil Action No. 2015-0070 |

**Attorneys:**
**Matthew R. Reinhardt, Esq.**
St. Thomas, U.S.V.I.
    *For Plaintiff*

**Martial A. Webster, Esq.**
St. Croix, U.S.V.I.
    *For Defendant Dean C. Plaskett*

**Angela P. Tyson-Floyd, Esq.**
St. Croix, U.S.V.I.
    *For Defendant Department of Justice*

## MEMORANDUM OPINION AND ORDER

**Lewis, District Judge**

THIS MATTER comes before the Court on the "Motion for Reconsideration" filed by Defendant Dean C. Plaskett ("Plaskett"). (Dkt. No. 105). Plaintiff Newrez LLC d/b/a Shellpoint Mortgage Servicing ("Plaintiff") filed an Opposition (Dkt. No. 107). For the reasons discussed below, the Court will deny Plaskett's Motion for Reconsideration.

### I. BACKGROUND

Plaintiff filed this action against Plaskett for debt and foreclosure of a real property mortgage based on a Promissory Note and a Mortgage executed in October 2003. (Dkt. No. 1-2 at

¶¶ 4, 5). On September 30, 2023, the Court entered summary judgment in favor of Plaintiff and against Plaskett. (Dkt. No. 103). In the Judgment and Order, the Court declared that Plaintiff had a first priority lien against the real property described in the Mortgage and entered judgment in favor of Plaintiff for a total indebtedness of $ 276,871.45 plus attorneys' fees and post-judgment interest. *Id.* at 2.

Thereafter, on October 16, 2023, Plaskett filed the instant Motion for Reconsideration. (Dkt. No. 105). In the Motion, Plaskett requests that the Court reconsider its Judgment and Order because the parties did not mediate the matter in compliance with the Foreclosure Mandatory Mediation Act of 2009 ("FMMA"). *Id.* Plaskett asserts that he was *pro se* at the time of the summary judgment briefing and was unaware of the FMMA. *Id.* at 1. Plaskett argues that the FMMA provides a "clear national policy" that requires mediation in home foreclosure cases prior to a "trial or final decision on a home foreclosure case." *Id.* at 2. Further, Plaskett maintains that he did not waive his rights under the Act. *Id.* at 1-2.

In its Opposition, Plaintiff argues, *inter alia*, that Plaskett's Motion should be denied because the FMMA was not enacted as federal law, and therefore cannot serve as a basis for reconsideration as "clear error" or to prevent "manifest injustice." (Dkt. No. 107 at 3).

To date, Plaskett has not submitted a Reply in response to Plaintiff's Opposition.

## II. DISCUSSION

To prevail on a motion for reconsideration, a party must show "'(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct clear error of law or fact or to prevent manifest injustice.'" *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros,* 176 F.3d 669, 677 (3d Cir. 1999*); see also* Local Rule of Civil Procedure 7.3(a) (listing same three grounds). Plaskett relies

2

on the clear error/manifest injustice prong as the basis for his Motion for Reconsideration. (Dkt. No. 105 at 2).

Under the established law, clear error exists if, "'after reviewing the evidence,'" [the reviewing court is] 'left with a definite and firm conviction that a mistake has been committed.'" *Atl. Basin Ref., Inc. v. ArcLight Cap. Partners, LLC*, Civil Action No. 2015-0071, 2019 WL 13175037, at *2 (D.V.I. Nov. 7, 2019) (citing *Norristown Area Sch. Dist. v. F.C.*, 636 F. App'x 857, 861 n.8 (3d Cir. 2016)) (quoting *Oberti v. Bd. of Educ.*, 995 F.2d 1204, 1220 (3d Cir. 1993)). In the context of a motion to reconsider, manifest injustice "[g]enerally [ ] means that the Court overlooked some dispositive factual or legal matter that was presented to it." *Greene v. V.I. Water & Power Auth.*, No. 06-cv-11, 2012 WL 4755061, at *2 (D.V.I. Oct. 5, 2012) (quoting *In re Rose*, 2007 U.S. Dist. LEXIS 64622, at *3 (D.N.J. Aug. 30, 2007)). "Manifest injustice has also been defined as an 'error in the trial court that is direct, obvious, and observable.'" *Id.* (quoting *Tenn. Prot. & Advocacy, Inc. v. Wells*, 371 F.3d 342, 348 (6th Cir. 2004)). Reconsideration "is an extraordinary remedy and should be granted sparingly." *Boldrini v. Wilson*, No. CV-11-1771, 2013 WL 619774, at *1 (M.D. Pa. Feb. 19, 2013) (citing *D'Angio v. Borough of Nescopeck*, 56 F. Supp. 2d 502, 504 (M.D. Pa. 1999)).

The Court will deny Plaskett's Motion for Reconsideration. The proposed FMMA sought to "require lenders of loans with Federal guarantees or Federal insurance to consent to mandatory mediation" prior to a foreclosure proceeding or a sheriff sale. S. 2912, 111th Cong. (2009). [1] The

---

[1] The proposed Foreclosure Mandatory Mediation Act of 2009 provides, in pertinent part, "[n]otwithstanding any other provision of law, before a qualified mortgagee may initiate a foreclosure proceeding or a sheriff sale, the qualified mortgagee shall conduct, consistent with any applicable State or local requirements, a one-time mediation with the affected mortgagor and a housing counseling agency, at the expense of the qualified mortgagee." S. 2912, 111th Cong. (2009).

bill was introduced in the first session of the United States Senate of the 111th Congress on December 18, 2009 and referred to the Committee on Banking, Housing, and Urban Affairs. *Id.* On February 22, 2010, the bill was also introduced in the House of Representatives and subsequently referred to various committees and subcommittees. H.R. 4635, 111th Cong. (2010). However, the bill was never passed into law. A bill that has not been passed into law—as in the instant case—cannot constitute a basis for the Court to conclude that it overlooked some dispositive factual or legal matter that there has been clear error or manifest injustice.

Accordingly, because Plaskett cannot establish that the Court committed a clear error of law or fact in rendering its September 30, 2023 Judgment and Order, or that there is a need to prevent manifest injustice, Plaskett's Motion for Reconsideration will be denied.[2]

**UPON CONSIDERATION** of the foregoing, it is hereby

**ORDERED** that Defendant Dean C. Plaskett's Motion for Reconsideration (Dkt. No. 105) is **DENIED.**

**SO ORDERED.**

Date: February 18, 2024         _____/s/_____
                                WILMA A. LEWIS
                                District Judge

---

[2] Further, Plaskett cannot use his Motion for Reconsideration to litigate matters that were or could have been previously raised. As Plaskett acknowledges in the instant Motion, he did not raise the issue of mediation in his Opposition to the Motion for Summary Judgment or at any time prior to the Court entering the Judgment and Order. (Dkt. No. 105 at 1). Plaskett appears to be trying "to take a 'second bite at the apple' by raising [arguments] that could have, and should have, been presented *before* the Court adjudicated [Plaintiff's Motion for Summary Judgment]." *See Atl. Basin Ref., Inc.*, 2019 WL 13175037, at *5 (citing *Bank of Nova Scotia v. Ross*, Civil Action No. 2010-0118, 2018 WL 1145942, at *8 (D.V.I. Mar. 2, 2018) (quoting *Prusky v. Prudential Ins. Co. of Am.*, 44 Fed. App'x 545, 548 n.1 (3d Cir. 2002) (explaining that the purpose of a reconsideration motion "is not to allow a party to simply change[ ] theories and [try] again, thus giving them a second bite at the apple")).